# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS GALVESTON DIVISION

| | | |
|---|---|---|
| **Michael Pinnisi,** *Plaintiff*, | § § § | |
| v. | § § | Civil Action No. ____ |
| **United States of America,** *Defendant*. | § § § § | Admiralty |

## PLAINTIFF'S ORIGINAL COMPLAINT

### A. Parties

1. Plaintiff, Michael Pinnisi, is an individual and a citizen of the State of New York.

2. Defendant, the United States of America, may be served by delivering a copy of the summons and of the complaint to the United States Attorney for the Southern District of Texas or to a clerical employee whom the United States Attorney designated in a writing filed with the court clerk, and by sending a copy of the summons and of the complaint by certified mail to the Attorney General of the United States.

### B. Jurisdiction

3. The Court has jurisdiction over the lawsuit under 28 U.S.C. §1333 because the suit involves admiralty and maritime jurisdiction.

4. The Court has jurisdiction because this suit arises under the Suits in Admiralty Act and the Public Vessels Act.

### C. Venue

5. Venue is proper in this district under 46 U.S.C. § 31104(a) because it is the district where the vessel was located at the time suit was filed.

### D. Facts and Waiver of Immunity

6. On or about June 22, 2015, while the *USNS Lawrence H. Gianella* was engaged in navigation in the Gulf of Mexico, off the coast of Galveston, Texas, plaintiff was instructed to manually lead a heavy mooring cable over several uneven pipes. The Plaintiff's leg slipped between the open pipes and he fell, twisting his knee.

7. At the time of the incident, Defendant owned the *USNS Lawrence H. Gianella*.

8. Plaintiff was employed by Ocean Shipholdings, Inc. at all relevant times in the capacity of an able bodied seaman and as a member of the crew of the *USNS Lawrence H. Gianella*.

9. At the time of the incident, the *USNS Lawrence H. Gianella* was being operated on behalf of the United States Government by Ocean Shipholdings, Inc. As such, Defendant, United States of America, is the proper defendant in this case under the Suits in Admiralty Act and Public Vessels Act. Defendant has waived immunity from suit and liability under those Acts.

### E. Count 1 – Jones Act

10. Plaintiff's injuries were suffered in the course of his employment as a seaman and were caused by the negligence of Ocean Shipholdings, Inc. as an agent of the Defendant, and its officers, agents or employees.

11. Plaintiff asserts a claim for negligence under the Jones Act against the Defendant.

12. These acts of negligence include, but are not limited to, failing to provide for the safety of the crew, failing to provide a reasonably safe place to work, failing to ensure a safe working surface on the vessel, failing to provide adequate safeguards and manpower for the task, instructing the Plaintiff to perform a dangerous task, failing to adequately train the Plaintiff, and failing to provide adequate equipment for the task.

13. These negligent acts and omissions brought about or actually caused the Plaintiff's injury, in whole or in part.

### F.  Count 2 – Unseaworthiness

14. Plaintiff's injuries were caused by defendant's breach of its absolute duty to furnish a seaworthy vessel.  Plaintiff asserts a claim of unseaworthiness against the Defendant.

15. The working surface of the vessel was unsafe and the manpower and equipment used to load the mooring line was inadequate.

16. The vessel and its appurtenances were not reasonably fit for their intended use and its crew was not reasonably adequate for the assigned tasks.

17. The unseaworthiness of the vessel was a proximate cause of Plaintiff's injuries.

### G.  Count 3 – Maintenance & Cure

18. Plaintiff is entitled to maintenance and cure, as he was injured while aboard and in service of the vessel, while employed as a seaman.

## H.  Damages

19. As a direct and proximate result of defendant's conduct, plaintiff suffered the following injuries and damages:

   a. mental anguish in the past and future

   b. lost earnings and loss of earning capacity in the past and future

   c. disfigurement in the past and future

   d. physical impairment in the past and future

   e. medical expenses in the past and future

   f. physical pain and suffering in the past and future.

## I.  Conditions Precedent

20. All conditions precedent to this suit have been performed or have occurred.

## J.  Prayer

21. For these reasons, plaintiff asks for judgment against defendant for the following:

   a. actual damages

   b. prejudgment and postjudgment interest

   c. costs of suit

   d. all other relief the Court deems appropriate

**Respectfully submitted,**

By: /s/ Scott C. Krist           .
**Scott C. Krist**
State Bar No.11727900
Federal I.D. No. 15346
The Krist Building
17100 El Camino Real
Houston, Texas 77058
skrist@kristlaw.com
Tel. 281.283.8500
Fax 281.488.3489

**Attorney in Charge for**
**Plaintiff, Michael Pinnisi**

**OF COUNSEL**
**The Krist Law Firm, P.C.**

**Alex W. Horton**
State Bar No. 24065448
Federal I.D. No. 1032362
The Krist Building
17100 El Camino Real
Houston, Texas 77058
ahorton@kristlaw.com
Tel. 281.283.8500
Fax 281.488.3489